|                                                                      |                                                          |
| -------------------------------------------------------------------- | -------------------------------------------------------- |
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY<br>DOC #:<br>DATE FILED: 11/13/19 |

---------------------------------------------------------------X

UNITED STATES OF AMERICA,

**ORDER**

-v-

15 Cr 288 (RMB)

ALEX CHRISTIE,

                         Defendant.
---------------------------------------------------------------X

## I. Background

On October 19, 2016, Alex Christie ("Christie" or "Defendant") pled guilty to a conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and to using, carrying and possessing a firearm in furtherance of that narcotics conspiracy in violation of 18 U.S.C. §924(c)(1)(A)(i). See Transcript dated Oct. 19, 2016. On May 10, 2017, Christie was sentenced to 66 months of imprisonment for the narcotics conspiracy and to 60 months consecutive for the firearms count. (See Judgment and Commitment Order, dated May 10, 2017, at 2.) The plea agreement calculated Christie's guidelines range as 130 to 147 months (70 to 87 months on narcotics conspiracy count, plus 60 months on the firearms count); based on an offense level of 27 and a Criminal History Category of I. (Plea Agreement dated Oct. 18, 2016 at 3.)

By motion, dated August 8, 2019, Christie "request[s] clarification from the Court as to his eligibility for relief under United States v. Davis." By letter dated August 23, 2019, the Government advised the Court that the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019) "has no application to the defendant's conviction under 18 § 924(c) [because] Davis invalidated § 924(c)(3)(B), part of the statutory definition of a 'crime of violence'."

## II. Legal Standard

18 U.S.C. §924(c) authorizes enhanced penalties for the use, carrying, or possession of a firearm in connection with a crime of violence **or** a drug trafficking crime. In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court declared unconstitutional the residual clause of the crime of violence definition found in 18 U.S.C. §924(c)(3)(B).

### III. Analysis

Christie pled guilty to the possession of a firearm in furtherance of a drug trafficking crime; he did not plead guilty to the possession of a firearm in furtherance of a crime of violence. See, e.g., Higgins v. United States, 2019 WL5727325, *3 (E.D. Mo. Nov. 5, 2019) ("Because count 2 was for possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence, the holding in *Davis* is not implicated."); and Schaeffer v. United States, 2019 WL 3535858, *8 (E.D. Tenn. Aug. 2, 2019) ("[C]ount 14 was for possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence, and therefore could not possibly have been affected by *Dimaya* and *Davis*, both of which pertain only to violent crimes."). Consequently, the Davis decision has no impact upon Christie's motion.[1]

### IV. Conclusion and Order

For the reasons stated herein, the Defendant's motion [#988] is denied.

Dated: New York, New York
November 13, 2019

RICHARD M. BERMAN, U.S.D.J.

---

[1] Any issues or claims not specifically addressed in this Order have been considered and rejected as without merit.