**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

UNITED STATES OF AMERICA, :

- against - :

ALEX CHRISTIE, :

Defendant. :

-------------------------------------------------------------x

15 Cr. 288 (RMB)

**DECISION & ORDER**

Having reviewed the record herein, including without limitation: (1) Defendant Alex Christie's motion for compassionate release, filed pro se and dated April 15, 2020, requesting that the Court "grant his motion for compassionate release" pursuant to 18 U.S.C. § 3582. See Mot. at 2. Christie, a 28-year-old-male, contends that: (i) "[h]is release would help relieve the financial and emotional burden placed on his family through meaningful employment;" (ii) "[his] girlfriend has tested positive for COVID-19 [and] his release would allow him to assist this matter the best way fit;" and (iii) "[he] has a moderate case of asthma." See Id. at 1-2. Christie also requests that the Court "appoint him counsel and have an evidentiary hearing to understand the court's position regarding the impact of the COVID-19 pandemic on federal prisoners." Id. at 2; and (2) the Government's response, dated June 4, 2020, opposing Christie's release and contending: (i) there are no "extraordinary and compelling" circumstances warranting Christie's release pursuant to 18 U.S.C. § 3582; (ii) Christie poses a danger to the community; and (iii) releasing Christie early is not supported by the 18 U.S.C. § 3553(a) sentencing factors. See Opp. at 4-7, **the Court hereby denies Christie's motion for a compassionate release and his request for appointed counsel for an evidentiary hearing, as follows**:

## I. Background

On October 19, 2016, Christie pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), and to one count of using, carrying and possessing a firearm in furtherance of that narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i). See Oct. 19, 2016 Tr. at 25:17-26:23; Nov. 13, 2019 Order at 1. On May 10, 2017, the Court sentenced Christie to 126 months imprisonment to be followed by 5 years of supervised release. See May 10, 2017 Judgment.

Christie is incarcerated at FCI Allenwood Low, a low-security facility in Pennsylvania. See Mot. at 1; https://www.bop.gov/locations/institutions/alf. He has served approximately 53 months of his 126-month sentence and is not scheduled for release until February 7, 2025. See Opp. at 3, 6. On April 13, 2020, Christie "emailed the Bureau of Prisons ("BOP") a request for compassionate release citing . . . coronavirus, [his] asthma . . . [and that he is] not a violent inmate or locked up for a violent crime." Id. at 3. On April 14, 2020, the BOP responded to Christie, stating that "he needed to provide greater specificity as to the extraordinary and compelling circumstances that required compassionate release . . . [and] that [he] was not eligible for home confinement because he was assessed to be high risk and did not have a clear disciplinary record over the last 12 months." Id.

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist if: (1) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;" (3) "the death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (4) "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

## III. Findings

The Court's findings are as follows:

1. Over thirty (30) days have lapsed since Christie, who is 28 years of age, submitted his application for compassionate release to the BOP (which has been denied). See Opp. at 3. Accordingly, the Court may consider Christie's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See U.S. v. Burman*, 2020 WL 3182766, at *2 (S.D.N.Y. June 13, 2020) ("Because more than thirty days have passed since [defendant] petitioned BOP for compassionate release, he is deemed by statute to have exhausted his administrative remedies"); Opp. at 3 n.2.

2. The Center for Disease Control states that "moderate-to-severe asthma may increase [the] risk for severe illness from COVID-19." See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. Christie's BOP medical records establish that Christie has "moderate" asthma which is "well controlled" and he has "no history of hospitalizations for asthma." See 2020 BOP Medical Records at 1, 10, 52, 54, 63. Christie does not dispute this account, nor does he contend that he is not receiving adequate medical treatment at FCI Allenwood Low. See Opp. at 5.

3. FCI Allenwood Low appears to be responding to the COVID-19 pandemic and "does not appear to have a significant COVID-19 problem." *See U.S. v. Collazo*, 2020 WL 3791473, at *4 (W.D.N.Y. July 7, 2020); *see also U.S. v. Prelaj*, 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020) ("FCI Allenwood . . . has not had any inmates or staff test positive for COVID-19 to date"). As of July 13, 2020, no inmate at FCI Allenwood Low appears to have tested positive for COVID-19. See Opp. at 3; https://www.bop.gov/coronavirus.

4. "Although [Christie] has been diagnosed with asthma, his medical records . . . demonstrate that his asthma is well-controlled . . . [a]ccordingly, [Christie] has not carried his burden of demonstrating 'extraordinary and compelling reasons' justifying release." *See U.S. v. Frazier*, 2020 WL 3508261, at *2 (S.D.N.Y. June 29, 2020); *see also U.S. v. Rodriguez*, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) ("[Defendant] has not set forth a basis to believe that there are extraordinary and compelling reasons for him to be released early. All he has done is to note that he has asthma, he is in prison, and that there is a COVID-19 outbreak nationwide. That is not enough.").

5. "Christie's [] argument[] . . . that he is allegedly needed to help his family [and girlfriend]. . . do[es] not qualify as [an] extraordinary and compelling reason[]." *See Prelaj*, 2020 WL 3642029, at *3 n.1 (S.D.N.Y. July 6, 2020); *see also U.S. v. Okpala*, 2020 WL 1864889, at

*2 (E.D.N.Y. Apr. 14, 2020) ("a reduction in sentence would not be appropriate in [this] case [where Defendant] argues that he should be granted compassionate release by this Court because . . . he would like to support his family during the COVID-19 pandemic").

6. Even if Christie had established "extraordinary and compelling" circumstances (which he has not), the Court likely would still deny his motion because Christie poses a danger to the community. See U.S.S.G. § 1B1.13. Among other reasons: (1) "Christie was a key member of the 213 [drug trafficking organization] during the height of its operations." See Opp. at 1. Its "[m]embers and associates . . . sold crack cocaine . . . and prevented others from doing the same by the threat of violence." Id.; (2) Christie sold crack cocaine and regularly carried firearms when he trafficked narcotics. Id. at 1-2; and (3) according to the Government, "Christie was among the most dangerous members of the 213 [drug trafficking organization], who was properly detained without bail throughout the pendency of his case." Id. at 7. "[T]he underlying conduct that led to [his] incarceration gravely endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community." *See U.S. v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) (quotations omitted); *U.S. v. Garcia*, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020).

7. The sentence reduction sought by Christie would fail to satisfy the purposes of sentencing, including "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." *See Garcia*, 2020 WL 2468091, at *6; 18 U.S.C. § 3553(a)(2)(a)-(c); *see also Batista*, 2020 WL 3249233, at *4.

## IV. **Conclusion & Order**

Defendant Christie's motion for compassionate release [Dck. # 1039] is respectfully denied and his request to appoint counsel and for an evidentiary hearing are denied as moot. *See Thristino v. U.S.*, 379 F.Supp.2d 510, 520 (S.D.N.Y. 2005).

The Clerk of the Court is respectfully requested to send a copy of this Decision & Order to Defendant Christie.

Dated: New York, New York
July 14, 2020

Richard M. Berman

**RICHARD M. BERMAN, U.S.D.J.**