UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                           Government, <br><br>                 -v.- <br><br> ALEX CHRISTIE, <br><br>                           Defendant. | 15-CR-288 (RMB) <br><br> **DECISION & ORDER** |

       On or about June 4, 2021, Defendant Alex Christie ("Christie" or "Defendant") filed a *pro se* motion for reconsideration of his (first) motion for compassionate release pursuant to 18 U.S.C. § 3582(c), contending, among other things, that a "significant spike in COVID–19 outbreaks" warranted reconsideration of the Court's denial of Christie's first motion. (*See* Mot. for Recons., dated June 4, 2021 ("Recons. Mot."), at 1.) On or about February 14, 2023, Christie filed a second *pro se* motion for compassionate release contending that, among other things, Christie's "high susceptibility to COVID–19" due to his asthma is an extraordinary and compelling reason for a reduction of his sentence; and also that his "sentence is now grossly disparate relative to Defendants with similar records." (Mot. for Compassionate Release, dated Feb. 14, 2023 ("Second Mot." or "Second Motion"), at 17, 22.) **For the reasons stated below, the Reconsideration Motion and Second Motion for Compassionate Release are respectfully denied.**[1]

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

I.     **Background**

Christie was part of a criminal drug-trafficking organization ("DTO") that "controlled the narcotics trafficking" in an area of the Bronx known as the "213 Box." (Presentencing Investigation Report, dated Jan. 10, 2017 ("PSR"), ¶ 9.) 213 Box was an "epicenter of violence," and there were 22 fatal shootings in the area from 2011 to 2016. (PSR ¶ 10.) Christie regularly carried firearms when selling narcotics and he once threatened to kill witnesses, stating "if there is no witness, you can 'beat the case.'" (PSR ¶ 11.)

On October 18, 2016, Christie pleaded guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and 841(b)(1)(B); and (2) using, carrying, and possessing a firearm in furtherance of the narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Sent'g Tr., dated May 15, 2017, at 3:15–21("Sent'g Tr.").) Christie's Sentencing Guidelines range was 130 to 147 months' imprisonment based upon an offense level of 27 and a Criminal History Category of I. (PSR ¶¶ 43, 47, 102–03.) On May 10, 2017, the Court sentenced Christie to 126 months' imprisonment, followed by five years of supervised release. (Sent'g Tr. at 20:22–25.) Christie's projected release date is February 8, 2025. *See* Federal Bureau of Prisons ("BOP"), *Inmate Locator*, https://www.bop.gov/inmateloc/. Christie is currently incarcerated at FMC Devens in Massachusetts. (*Id.*)

§ 2255 **Habeas Petition**

On May 21, 2018, Christie filed a habeas petition pursuant to 18 U.S.C. § 2255, arguing that he had "ineffective assistance of counsel." He complained about the withdrawal of a motion to suppress his firearm charge, dated October 18, 2016, and he claimed that the Court had failed to "properly calculate applicable drug weight." (Mot. to Vacate, dated May 29, 2018, at 5–8.) The Government argued, in opposition to the habeas petition, that, among other things, "the defendant

ha[d] failed to overcome the strong presumption that defense counsel's conduct was reasonable and failed to demonstrate any prejudice as a result of defense counsel's alleged deficiency," and that Christie's assertions about the drug weight were "flatly contradicted by the record." (Gov't Mem. in Opp., dated Oct. 5, 2018, at 2, 10.) On February 2, 2019, the Court denied the § 2255 Petition because, among other things, Christie "does not offer any evidence in his Petition to suggest that his [suppression motion] would have been successful." Christie had "testified at his plea allocution that he was, in fact, guilty of the firearm charge;" and that he "willfully pled guilty to the drug charge." (Decision & Order, dated Feb. 2, 2019, at 6 n.2, 7, 9.)

**First Motion for Compassionate Release**

As noted, on April 30, 2020, Christie filed his first motion for compassionate release. The Court denied that motion and held that Christie has not carried his burden of demonstrating extraordinary and compelling reasons, pointing out that his asthma was "moderate" and "well controlled" and that "[t]he sentence reduction sought by Christie would fail to satisfy the purposes of sentencing" because, among other reasons, "Christie poses a danger to the community." (Decision & Order, dated July 14, 2020 ("2020 Order"), at 4–5.)

**Reconsideration Motion**

Also as noted, on June 4, 2021, Christie filed a motion for reconsideration of the Court's denial of his first motion, arguing that (1) there had been "a significant spike in Covid-19 outbreaks" at FCI Allenwood and (2) his asthma posed a significant risk "if exposed to COVID–19." (Recons. Mot. at 1–2.) The Government opposed reconsideration, arguing that (1) Christie "presented no new arguments that would warrant revisiting the court's previous denial;" (2) Christie's "sporadic asthma is not an extraordinary, compelling circumstance;" (3) in June 2021, there were "zero reported positive [COVID-19] cases at [Christie's] facility;" and "the BOP ha[d]

3

administered the [COVID-19] vaccine to 1,445 inmates at [Christie's] facility;" and (4) "the section 3553(a) factors militate against the defendant's release." (Gov't Resp., dated June 18, 2021, at 5–6.)

**Second Motion for Compassionate Release**

On February 14, 2023, as noted, Christie filed a second motion for compassionate release in which he contends, among other things, that he filed a request for compassionate release with the Warden at FMC Devens and that thirty days have lapsed without a response. (*See* Second Mot. at 13.) The Government counters that there is "no record" of such a request to the Warden and that Christie has failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c). (Gov't Resp., dated Mar. 14, 2023 ("Gov't 2023 Resp."), at 4.) Christie alleges (again) that (1) his asthma is a "legitimate medical risk [which] is a sufficiently extraordinary and compelling basis" to grant relief given his "high susceptibility to COVID–19," and (2) the length of his sentence is disproportionate to "those comparably situated individuals who were sentenced at the time of Christie's sentencing." (Second Mot. at 13–16, 20, 22.) He also attacks his firearm conviction, arguing that his § 846 and § 841 conspiracy counts do not support a § 924(c) conviction. (*Id.* At 17–18.) The Government opposes Christie's Second Motion, arguing that (1) Christie's asthma and related "fears of COVID-19 . . . do not constitute an extraordinary and compelling reason for release;" (2) Christie is "in no way similar" to an alleged similarly situated defendant; (3) the § 3553(a) "factors do not support Christie's [early] release;" and (4) Christie's arguments regarding his § 924(c) conviction are "wrong" because a "narcotics conspiracy unquestionably remains a valid predicate for a Section 924(c) conviction." (Gov't 2023 Resp. at 5–6.)

4

## II.     Legal Standard

A "motion for reconsideration . . . of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion." L. Cr. R. 49.1(d). Courts may "excuse an untimely filing," *United States v. Lisi*, No. 15-CR-457, 2020 WL 1331955 at *1 (S.D.N.Y. March 23, 2020), **only** if there is "good cause to do so." *United States v. Okparaeke*, No. 17-CR-225, 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (emphasis added). "Motions for reconsideration are not granted unless the moving party can point to controlling decisions or factual matters that the court overlooked." *Bridgewater v. Taylor*, 832 F. Supp. 2d 337, 345 (S.D.N.Y. 2011) (internal quotation marks omitted).

Motions for compassionate release can only be considered on the merits "after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate's] facility." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The court may not grant a motion for compassionate release unless it finds that (1) "extraordinary and compelling reasons merit reducing the sentence," and (2) the 18 U.S.C. § 3553(a) sentencing factors "warrant the reduction." *United States v. Bennett*, No. 15-CR-95, 2022 WL 3445349, at *2 (S.D.N.Y. Aug. 17, 2022).

"The Court . . . looks to § 1B1.13 for guidance in the exercise of its discretion." *United States v. Rodriguez*, No. 16-CR-07, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). "[E]xtraordinary and compelling reasons exist" when, among other things, the "defendant is suffering from . . . a serious physical or medical condition." U.S. Sentencing Commission, § 1B1.13 n.1 Guidelines Manual (Nov. 1, 2018). When "asthma is well-controlled" the "Defendant has not demonstrated the existence of extraordinary and compelling reasons warranting release."

5

*United States v. Sanchez-Olivo*, No. 19-CR-484, 2021 WL 1440260 (S.D.N.Y. Apr. 16, 2021). Moreover, "courts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present." *United States v. Farmer*, No. 19-CR-427, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022).

### III. Analysis

#### Reconsideration Motion

Christie's Reconsideration Motion is denied for several reasons. First, the Reconsideration Motion is untimely. *See* L. Cr. R. 49.1(d). Christie filed the Reconsideration Motion on June 4, 2021, which was nearly one year after the Court had denied his (first) Motion for Compassionate Release on July 14, 2020. (*See* Recons. Mot.; 2020 Order.) The Court's Local Rules determine that a motion for reconsideration must be filed within 14 days of the original judgment. *See* L. Cr. R. 49.1(d). Christie does not provide any reason for the delay. *See Okparaeke*, 2019 WL 4233427, at *3. Second, Christie does not point to controlling decisions or data that the Court overlooked. While Christie mentions that there was a "significant spike" of positive COVID-19 cases at Allenwood FCI during the period between April and June 2021, (*see* Recons. Mot. at 1), the Government points out that, by June 18, 2021, there were "zero reported positive cases" at Allenwood FCI and "approximately 58% of the [then] current inmate population" had been vaccinated. (*See* Gov't 2021 Resp. at 5.).

Even if the Reconsideration Motion were timely, it would fail. Christie's asthma was and remains "well-controlled" with prescription medicine. (Def. Second Mot. Ex. 1.) Courts in this district have found that well-controlled asthma does not constitute an extraordinary and compelling reason for early release. *See, e.g.*, *United States v. Rodriguez*, 454 F. Supp. 3d 224 (S.D.N.Y. 2020) (denying compassionate release when defendant's asthma is "well controlled [by a]

6

prescribed albuterol inhaler"). Also, Christie's medical records show that he participates in sports. (Second Mot. Ex. 1.) This suggests that his asthma is below the "serious medical condition" threshold. *See* U.S. Sentencing Commission, § 1B1.13 n.1 Guidelines Manual (Nov. 1, 2018). Christie's medical records also indicate that he had been vaccinated against COVID–19 in or about December 2021. (*See* Gov't 2023 Resp. at 5, n.3 (citing sealed medical records, dated Mar. 14, 2023).) "Courts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present." *United States v. Farmer*, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022); *see also United States v. Jones*, No. 17 CR 214, 2021 WL 4120622 (S.D.N.Y. Sept. 9, 2021); *United States v. Carr*, 14 Cr. 055 2021 WL 2043500, at *2–3 (S.D.N.Y. May 20, 2021).

**Second Motion for Compassionate Release**

In his Second Motion for Compassionate Release, Christie contends that he exhausted his administrative remedies when he "filed a request . . . with the warden at FMC Devens [without] receiv[ing] a response [in] 30 days." (Second Mot. at 13.) Christie does not state exactly when he filed his request with the Warden and the Government states that the BOP has "no record that [Christie] submitted his current request for compassionate release." (Second Mot. at 13; Gov't 2023 Resp. at 4.) As the facts regarding Christie's exhaustion of administrative remedies are somewhat unclear, the Court assumes, without deciding, that exhaustion is not a barrier to relief.

Assuming that Christie had exhausted his administrative remedies, his second motion nevertheless fails on the merits. For one thing, as the Government contends, Christie has "no serious health problems." (Gov't 2023 Resp. at 4.) That is, Christie's asthma is not extraordinary or compelling. *Supra*, at 7–8, *see e.g.*, *United States v. Rodriguez*, 454 F. Supp. 3d 224 (S.D.N.Y. 2020). In light of the winding down of the national COVID–19 pandemic emergency, Christie's

argument regarding COVID–19 is not compelling. *See, e.g.*, *United States v. Malloy*, No. 07-CR-898, 2023 WL 2237504 at *4 (S.D.N.Y., Feb. 27, 2023) ("[T]he Court finds that the risks that were heightened at the onset of the pandemic have largely been reduced or been under control at this late stage of the pandemic."); *see also End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. The BOP's most recently published statistics reflect that there were no recent positive COVID–19 results at FMC Devens when testing stopped at the beginning of May 2023. *See BOP COVID-19 Statistics*, BOP, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited June 16, 2023).

Second, Christie contends that there is an "unwarranted sentence disparit[y]" between him and a similarly situated defendant who allegedly was sentenced to "life in prison plus 30 years for drug trafficking and firearms convictions" but who later received a § 3582 sentence reduction. (Second Mot. at 28 (citing *United States v. Daggs*, No. CR-09-166, 2022 WL 4365880, at *1 (E.D. La. Sept. 21, 2022)).) Christie argues that he "should be granted the same relief as Daggs." (Second Mot. at 28.) The Government argues persuasively that Christie is in "no way similar" to Daggs. (Gov't 2023 Resp. at 5.) In the *Daggs* case, the Court granted a sentence reduction under § 3582(c) due to "dramatic changes in the sentencing calculus" between December 1, 2010 (when Daggs was sentenced) and the date of his sentence reduction on September 21, 2022. Because Daggs "would [have] face[d] a mandatory minimum sentence of 10 years for [his] drug conspiracy conviction" – instead of a mandatory life sentence – the *Daggs* Court reduced the sentence to time served of 142 months. *Daggs*, 2022 WL 4365880, at *1, 7.

*Daggs* is inapposite. It relies upon a subsequent reduction in the mandatory minimum sentence for repeat narcotics offenders under the First Step Act. *See id* at *7; First Step Act of

2018, PL 115–391, 132 Stat 5194.  Because Christie had no prior narcotics convictions, the First Step Act does not impact his sentence.  Because the length of Christie's sentence was not impacted by any prior narcotics convictions, the First Step Act does not interact with the term of his sentence.  (S*ee* PSR ¶ 45–49; First Step Act of 2018, PL 115-391, 132 Stat 5194.)  As Christie has failed to demonstrate a relevant sentencing disparity, his argument necessarily fails.  *See United States v. Van Der End*, No. 21-2079-CR, 2023 WL 193633, at *2 (2d Cir. Jan. 17, 2023).

The Government also argues persuasively that a reduction of Christie's sentence would be inconsistent with the 18 U.S.C. § 3553(a) factors.  The seriousness of Christie's crimes and the danger posed to the community do not support a reduced sentence.  (*See* 2020 Order at 5.) "Considering the extreme seriousness of [the] offenses and his already below-Guidelines sentence, this Court finds that a sentence reduction" is not warranted.  *United States v. Lang*, No. 02-CR-1444, 2022 WL 17819518, at *2 (S.D.N.Y. Dec. 20, 2022).

Finally, Christie argues that his § 924(c) conviction is improper in light of the Fourth Circuit's holding in *United States v. Norman* that a "conspiracy conviction does not qualify as a 'controlled substance offense.'"  935 F.3d 232, 239 (4th Cir. 2019); (*see also* Second Mot. at 20–22.)  The argument is foreclosed by *United States v. Tabb*, where the Second Circuit respectfully disagreed with *Norman* and held that § 846 conspiracy convictions can "properly serve" as a predicate for further sentencing enhancements or convictions.  *United States v. Tabb*, 949 F.3d 81, 88 (2d Cir. 2020).  Moreover, as this argument challenges the propriety of Christie's sentence, "the Court construes it as one to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255." *United States v. Samuels*, No. 08-CR-789-6, 2020 WL 7696004, at *3 (S.D.N.Y. Dec. 28, 2020). As noted, Christie has previously filed a § 2255 petition, which was denied by the Court on February 2, 2019.  *Supra*, 2–3.  "[W]hen a second or successive . . . § 2255 motion is filed in a

9

district court, . . . the district court should transfer the petition" to the Circuit Court for review, *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), but transfer is unnecessary where, as here, the second or successive habeas corpus application is wholly without merit. *Castellano v. United States*, 967 F. Supp. 2d 768, 770 (S.D.N.Y. 2013). Given the Second Circuit's holding in *Tabb* that "it is patently evident that [controlled substance offense] was intended to and does encompass Section 846 narcotics conspiracy," the Court dismisses the § 2255 petition on the merits. 949 F.3d at 88; *see also Miner v. United States*, No. 16–CR–23, 2023 WL 3222394 (S.D.N.Y. May 2, 2023).

### IV.     Conclusion & Order

For the foregoing reasons, Christie's Motion for Reconsideration [# 1145] and his Motion for Compassionate Release [# 1352] are respectfully denied. The Clerk of the Court is requested to send a copy of this Decision & Order to Christie and to close this case.

Date: July 10, 2023  
New York, New York

_Richard M. Berman_  
**RICHARD M. BERMAN, U.S.D.J.**